IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GEORGE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No.  13-1122-JAR |
| | ) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff George Allen's applications for disability insurance benefits under Title II of the Social Security Act.[1] Because the Court finds that the Commissioner erred at step five of the analysis, the Court reverses the decision of the Commissioner and remands for an immediate award of benefits.

**I.     Procedural History**

Plaintiff George Allen protectively filed an application for Title II disability insurance benefits on February 5, 2004, alleging an onset date of January 7, 2003.  Plaintiff was last insured for disability benefits on June 30, 2007.  Plaintiff's application was denied initially and upon reconsideration in 2004.  Plaintiff timely requested a hearing before an administrative law judge ("ALJ").  After a hearing in 2007, the ALJ issued a decision finding that Plaintiff was not disabled; in 2009 the Appeals Council denied Plaintiff's request for review of the ALJ's

---

[1]42 U.S.C. §§ 401–434.

1

decision. Plaintiff then timely sought judicial review and in 2010, United States District Judge

Sam A. Crow issued a decision reversing and remanding this case.[2]

In light of the ALJ's rejection of the opinion of Plaintiff's treating physician, Dr. Rettinger, Judge Crow's order directed the Commissioner to consider re-contacting Plaintiff's treating physician(s) for additional information and/or obtain a detailed examination from a consulting physician to address Plaintiff's functional limitations. Judge Crow further directed the Commissioner to re-evaluate the medical opinions of Dr. Rettinger consistent with the standards for evaluating the opinions of treating physicians and to explain and identify any claimed inconsistencies. Judge Crow also directed the Commissioner to consider the opinions of Dr. Maguire, the treating surgeon, as well as Dr. Kim, who performed a physical Residual Functional Capacity ("RFC") assessment. Judge Crow directed the Commissioner to include in the RFC findings the specific frequency of Plaintiff's need to alternate sitting and standing, in order to determine the impact on Plaintiff's ability to work. Judge Crow further directed the Commissioner to review the medical and other evidence on the issue of Plaintiff's ability to push and pull and determine if a limitation was warranted.

Upon remand, Plaintiff had a hearing and a supplemental hearing before the ALJ, and in April 2011, the ALJ issued a decision finding that Plaintiff was not disabled. In September 2011, Plaintiff sought review before the Appeals Council; the Appeals Council declined jurisdiction in February 2013. Plaintiff then timely sought judicial review.

## II. Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is

---

[2]*See* No. 09-1271-SAC, Doc. 21 (July 21, 2010).

2

supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards.[3] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of Defendant.[5]

## III. Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[6] An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[7] The Secretary has established a five-step sequential evaluation process to determine whether a claimant is disabled.[8] If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[9]

---

[3] *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).

[4] *Id.* (quoting *Castellano*, 26 F.3d at 1028).

[5] *Id.*

[6] 42 U.S.C. §§ 423(d)(1)(A); 416(i).

[7] *Id.* § 423(d)(2)(A).

[8] *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1983).

[9] *Id.*

Plaintiff does not challenge the ALJ's determination at step one that Plaintiff has not engaged in substantial gainful activity since January 7, 2003, the alleged onset date. Nor does Plaintiff challenge the ALJ's determination at step two that Plaintiff has medically "severe" impairments: a history of chronic headaches and neck and shoulder pain. Nor does Plaintiff challenge that ALJ's determination at step three that Plaintiff's impairments did not meet or equal a listing.

Plaintiff challenges the ALJ's determination of Plaintiff's Residual Functional Capacity ("RFC") at step four because the RFC failed to include any limitation for reaching. And, Plaintiff challenges the ALJ's determination at step 5, because the ALJ erred in relying on testimony of the vocational expert ("VE") that was based on the erroneous RFC and that conflicted with the Dictionary of Occupational Titles ("DOT")[10] and its companion publication, The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO").[11] Plaintiff also challenges the ALJ's determination to accord "little weight" to the opinions of treating physician Dr. Rettinger.

## IV. Discussion

### A. RFC Determination

The ALJ determined that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except being limited to standing/walking six hours total in an eight-hour workday and sitting six hours total in an eight hour workday. He has an unlimited ability to push/pull. He can occasionally perform all postural positions and never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to extreme cold and hazards

---

[10]Dictionary of Occupational Titles (4th ed.1991)

[11]The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993 ed.).

4

such as machinery and heights. He has the ability to understand and perform tasks given appropriate supervision, may have some difficulty with written types of materials and has the ability to focus, attend and concentrate.[12]

Here, the ALJ's RFC determination was silent on the issue of a limitation in reaching. The ALJ is responsible for assessing a claimant's RFC considering all the relevant evidence, including the claimant's description of limitations, the medical evidence, and observations of physicians and others.[13] SSR 96-8p[14] requires that the ALJ perform a function-by-function assessment of the claimant's functional limitations and expressly identify the functional limitations or restrictions that affect the claimant's work-related abilities.[15] In addition to exertional capacities, the RFC must address the claimant's nonexertional capacities, which includes reaching.[16]

To be sure, an ALJ is not required to discuss every piece of evidence so long as the record demonstrates that he considered all of the evidence.[17] But the record is replete with medical evidence from treating physicians, consultants, and agency physicians that Plaintiff had a functional limitation in reaching. Treating physician Dr. Rettinger, to whom the ALJ accorded "little weight," opined that Plaintiff could only reach on an occasional basis. Treating physician Dr. Maguire, to whom the ALJ accorded "little weight," opined that Plaintiff could never

---

[12]R. at 848.

[13]*See* 20 C.F.R. § 416.945.

[14]SSR 96-8p, 1996 WL 374184 (July 2, 1996).

[15]*See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (ruling that where all of the functions that the ALJ specifically addressed in the RFC were those in which he found a limitation, a court can reasonably believe that those functions that he omitted were those that were not limited).

[16]SSR 96-8p, 1996 WL 374184, at *6 (July 2, 1996).

[17]*Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996).

5

perform overhead work. The medical expert, Dr. Colmey, to whom the ALJ accorded "great weight," opined that Plaintiff had a limited ability to reach overhead with either upper extremity but could reach in all directions below the shoulder level. And, despite Judge Crow's earlier direction to consider the opinions of Dr. Kim, who performed an RFC assessment in 2004, the ALJ did not mention Dr. Kim in this decision and seemingly did not consider or evaluate the weight to be given to Dr. Kim's opinion that Plaintiff had limited reaching ability in all directions, not just overhead.

Given the RFC's silence on the limitation of reaching in the face of uncontroverted evidence that there was some limitation on reaching, this Court cannot find that there is substantial evidence supporting the ALJ's RFC determination.

**B.     Step 5 Errors**

Defendant argues that the ALJ's error in excluding a reaching limitation in the RFC is harmless error, for in her hypothetical question to VE, the ALJ included a reaching limitation. The ALJ's reaching limitation question was probably prompted by the testimony of Dr. Colmey that in his opinion Plaintiff had limitations in overhead reaching bilaterally,[18] but that Plaintiff should be able to reach in all directions below the shoulder level.[19] After Dr. Colmey's testimony, the ALJ examined VE Jerry Beltramo, posing a hypothetical question that included the limitation that Plaintiff "could not engage in overhead work with bilaterally with the upper extremities."[20]

---

[18] R. at 1117–18.

[19] R. at 1119.

[20] R. at 1139.

6

While the principle of harmless error may generally apply in the context of administrative review of social security disability cases, the Tenth Circuit has cautioned that outside of "certain technical errors" that did not "undermine confidence in the determination of th[e] case," or "procedural impropriety. . . [that] had not altered the evidence before the ALJ," it has never held harmless the ALJ's failure to make a dispositive finding of fact that was not clearly established in the record.[21] The Tenth Circuit further observed that it "may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstances, i.e., where, based on the material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[22]

This is not such an exceptional circumstance. The ALJ did not include any reaching limitation in the RFC despite the unanimous opinions of treating, consulting and agency physicians that Plaintiff had some degree of reaching limitation. Yet these physicians do not agree in the degree of reaching limitation—their opinions vary from an occasional limitation on reaching, to a limitation on reaching overhead with either upper extremity, to a limitation on all directional reaching. This Court simply cannot find harmless error in this case. There is no discrete "missing dispositive finding" on the degree of reaching limitation from which the Court could conclude that the limitation as articulated in the ALJ's hypothetical question to the VE was clearly established in the record and a limitation that no reasonable administrative factfinder would have determined differently. On the basis of this record, the ALJ's failure to assess,

---

[21]*Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (quotations and citations omitted).

[22]*Id.*

discuss, and include the reaching limitation in the RFC precludes the Court from finding harmless error.

Plaintiff points to still more errors in the ALJ's step 5 determination that he was able to perform jobs in the national economy. For example, in response to the ALJ's questions, the VE testified that his testimony that Plaintiff could perform the work of marker, collater/copier, or laundry bagger.[23] But the VE explained that while his testimony was consistent with the DOT and SOC, at times he deviated from those publications based on his "knowledge and experience with human resources practices in businesses or industry. Those would be primarily related to the amount of time a person could be away from work for, having to lie down or take breaks . . . ."[24] In light of this testimony about departing from the DOT and SCO, the ALJ should have inquired further of the VE. In *Haddock v. Apfel*,[25] the Tenth Circuit ruled that when a conflict exists between the VE's testimony and the DOT, the ALJ must investigate and elicit a reasonable explanation for the discrepancy, before the ALJ can properly rely on the VE's testimony.

As Plaintiff points out, the VE's testimony may have conflicted with the DOT beyond the VE's reference to human resources and business practices related to taking breaks or laying down. For example, the DOT that the jobs of marker, collater/copier and laundry bagger[26] all require "Reaching: Frequently-Exists from 1/3 to 2/3 of the time,"[27] This requirement appears

---

[23]Tr. 1140

[24]Tr. 1146-1147.

[25]196 F.3d 1084, 1089 (10th Cir.1999).

[26]DOT Codes 209.587-034, 208.685.010, 920.687-018.

[27]*Id.*

8

inconsistent with the limitation articulated by the ALJ to the VE: a claimant who could not engage in overhead work . . . bilaterally with the upper extremities."[28] Moreover, both SSR 85-15 and the SOC provide that reaching is defined as "extending the hands and arms in any direction."[29]

### C. Evaluation of Treating Physician

Plaintiff also argues that the ALJ failed to properly evaluate the opinions of treating physician Dr. Rettinger, despite Judge Crow's direction to do so. The Court notes that the ALJ did extensively catalogue the treatment notes of Dr. Rettinger and Dr. Maguire, but the ALJ did not expressly tie that to her findings that the opinions of the treating physicians were not supported by the medical evidence. And, the ALJ again did not mention or discuss Dr. Kim's opinion and RFC, despite Judge Crow's earlier order to do so. In any event, given the error in the RFC determination and the errors at step 5, the Court need not further discuss this issue.

## V. Conclusion

Plaintiff seeks a reversal and remand for an immediate award of benefits. It is within the Court's discretion to remand for an award of immediate benefits.[30] The Court should consider the length of time the matter has been pending and "whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits."[31]

---

[28] R. at 1139.

[29] SSR 85-15, 1985 WL 56857, at *7; SCO, app. C ¶ 8.

[30] *Salazar v. Barnhart*, 468 F.3d 615, 625 (10th Cir. 2006).

[31] *Id.* (quotation and citation omitted).

9

Plaintiff first applied for benefits ten years ago, alleging a disability that began in 2003. After Plaintiff's application was denied in 2004, he did not have a hearing before an administrative law judge until 2007. Two years later, in 2009, Defendant rendered an adverse decision. Plaintiff then timely filed for judicial review. In 2010, Judge Crow reversed and remanded on the basis of a number of errors, and specifically directed the Commissioner to obtain a detailed examination from a consulting physician in light of the fact that at that point Plaintiff's alleged onset date was seven years earlier. Judge Crow also directed the Commissioner to re-evaluate, consider and discuss the opinions of treating physicians and explain and identify any claimed inconsistencies in the record.

The ALJ has now rendered a second opinion, again giving little weight to the opinions of the treating physicians. Although this time the ALJ provided an an extensive catalogue of the treatment notes of the physicians, the ALJ did not expressly tie that to her findings that the opinions of the treating physicians were not supported by the medical evidence. Despite Judge Crow's direction to consider the RFC evaluation of Dr. Kim, upon remand, the ALJ did not do so and does not mention or discuss Dr. Kim's evaluation in the second ALJ opinion. Judge Crow also directed the Commissioner to include in the RFC specific findings on the frequency of Plaintiff's need to alternate sitting and standing. While the ALJ did that, in this second opinion, the ALJ erred in the RFC determination, for the ALJ included no assessment of Plaintiff's reaching limitation despite the fact that all physicians had noted some degree of limitation. Although the ALJ issued the second opinion denying benefits in April 2011, the Appeals Council did not decline jurisdiction until February 2013.

In short, over the course of ten years, the Commissioner has had two opportunities to

hear evidence and render a legally sufficient decision.  The Commissioner did not completely follow the directions of Judge Crow upon the first reversal and remand; and in the second round, the ALJ committed new errors.  As the Tenth Circuit has noted, "The [SSA] is not entitled to adjudicate a case *'ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion .'"[32] The Court finds that remand for additional fact finding would serve no useful purpose under these circumstances.  For these reasons, the Court reverses and remands for an immediate award of benefits.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's decision denying Plaintiff disability benefits is **REVERSED AND REMANDED FOR AN IMMEDIATE AWARD OF DISABILITY INSURANCE BENEFITS** to the Plaintiff.

**IT IS FURTHER ORDERED BY THE COURT THAT** the amount of payments is to be determined by the Commissioner on remand.

**IT IS SO ORDERED.**

Dated: March 31, 2014

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[32]*Sisco v. United States Department of Health and Human Services,* 10 F.3d 739, 746 (10th Cir.1993) (citation omitted).